| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**Greenbaum, Rowe, Smith & Davis LLP**<br>75 Livingston Avenue, Suite 301<br>Roseland, New Jersey 07068-3701<br>(973) 535-1600<br>Nancy Isaacson, Esq.<br>nissacson@greenbaumlaw.com<br>Attorneys for Nancy Isaacson, Chapter 7 Trustee | |
| **In re:**<br><br>**REVIVAL HOLDINGS, LLC,**<br><br>　　　　　　　　**Debtor.**<br>AND | Chapter 7 Proceeding<br>**Case No. 22-19146 (VFP)** |
| **REVIVAL SASH & DOORS, LLC,**<br><br>　　　　　　　　**Debtor.**<br>AND | Chapter 7 Proceeding<br>**Case No. 22-19151 (VFP)** |
| **BRIGHT WINDOWS SPECIALTIES, INC,**<br><br>　　　　　　　　**Debtor.**<br>AND | Chapter 7 Proceeding<br>**Case No. 22-19150 (VFP)** |
| **PRELUDE, LLC d/b/a/ Sequel,**<br><br>　　　　　　　　**Debtor**. | Chapter 7 Proceeding<br>**Case No. 22-19147 (VFP)**<br><br>Hearing Date: March 21, 2023<br>@ 10:00 a.m. |

**APPLICATION ON BEHALF OF NANCY ISAACSON, CHAPTER 7 TRUSTEE, IN SUPPORT OF MOTION FOR A DECLARATION THAT MENDHAM CAPITAL PARTNERS, LLC AND KEAN DEVELOPMENT COMPANY, INC VIOLATED THE AUTOMATIC STAY AND FOR LEGAL FEES AND COSTS PURSUANT TO 11 U.S.C. §§ 362(a) AND 105(a), AND DISMISSAL OF MENDHAM CAPITAL PARTNERS, LLC'S AND KEAN DEVELOPMENT COMPANY, INC'S PENDING PROCEEDINGS**

7372710.1

**TO:** **THE HONORABLE VINCENT F. PAPALIA,**
**UNITED STATES BANKRUPTCY JUDGE:**

Nancy Isaacson, Chapter 7 Trustee, the duly appointed and acting trustee ("Trustee") for the bankruptcy estates of Revival Holdings, LLC, Case No. 22-19146 ("Revival Holdings"), Revival Sash & Doors, LLC, Case No. 22-19151 ("RSD"), Bright Windows Specialties, Inc, Case No. 22-19150 ("BWS"), Prelude, LLC d/b/a/ Sequel Case No. 22-19147 ("Prelude"), by and through her attorneys, Greenbaum, Rowe, Smith & Davis LLP, hereby submits this Application in support of Trustee's Motion for a Declaration that Mendham Capital Partners, LLC ("Mendham") and Kean Development Company, Inc ("Kean") Violated the Automatic Stay, and for Legal Fees and Costs and Pursuant to 11 U.S.C. §§ 362(a) and 105(a), and Dismissal of Mendham and Kean's Pending Proceedings and respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 11 U.S.C. § 544; 28 U.S.C. §§ 1334 and 157(b), and Federal Rules of Bankruptcy Procedure 4001 and 9013. This action may be considered a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(G). Yet, this Court also has "related to" jurisdiction because the claims set forth more fully below are property of the bankruptcy estate under 11 U.S.C. § 541 and thus, have an effect on the Debtors' estate. *In re LTL MANAGEMENT, LLC*, 638 B.R. 291, 303 (Bankr. D.N.J. 2022).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1409 and 1409(a).

## BACKGROUND

3. On November 17, 2022, each of the Debtors filed voluntary petitions for relief under Chapter 7 of the United States Bankruptcy Code. Revival Holdings' petition was docketed

7372710.1

on ECF at 9:06:02 a.m., Prelude's was filed at 9:12:40 a.m., BWS' was filed at 9:53:59 a.m., and RSD's was filed at 9:58:26 a.m. (the "Petition Date"). The first page of each Petition is attached as **Exbibit A**.

**Mendham Capital Partners, LLC:**

4. On or about June 23, 2022, Mendham Capital Partners, LLC ("Mendham") filed a direct and derivative action on behalf of Revival Holdings, LLC, against Revival's Board of Managers, members, and related non-debtor third parties with the Delaware Court of Chancery, Docket No. 2022-0545-LWW (the "Delaware Proceeding").

5. On or about October 4, 2022, Mendham filed its First Amended Verified Complaint in the Delaware Proceeding alleging, among other things, counts for breach of fiduciary duty, corporate waste, and breach of contract against the Board and other non-debtor third parties. A copy of the First Amended Verified Complaint is attached as **Exhibit B**.

6. The Delaware Proceeding's Nominal Defendant, Revival Holdings, is a Delaware limited liability company with its principal place of business located in Springfield, New Jersey. Revival is a manufacturer, reseller, and installer of custom windows, operating through three businesses: Revival Sash & Door, LLC, Bright Windows Specialist, Inc., and Prelude, Inc. (d/b/a Sequel Glass) (collectively, the "Debtors" or the "Debtor Defendants").

**Kean Development Company, Inc.:**

7. On the Petition Date, November 17, 2022, Kean filed a separate action against Debtors and other non-debtor third parties in the United States District Court Eastern District of New York, Docket No. 2:22-cv-07036-JS-AYS ("Eastern District of New York Proceeding") whereby it alleged, among other things, counts for breach of contract, diversion of trust

        funds, and fraudulent conveyance against Debtor Defendants. A copy of the Complaint is attached as **Exhibit C**.

8. On November 18, 2022, Nancy Isaacson was appointed as Trustee for the Debtors. The Trustee communicated with counsel for Kean and Mendham and confirmed that the Debtors' petitions were filed. The Trustee requested confirmation that Kean and Mendham would not seek relief against the Debtors' entities or pursue estate assets such as claims against the Debtors' officers and directors, as those claims belong to the Trustee. under 11 U.S.C. § 541.

9. On December 29, 2022, counsel for the individual Defendant officers and directors (Mike Canizales, Robert Henely, Peter Mannings, and Brian Ramsey ("Individual Defendants")) filed a Suggestion of Bankruptcy with the Eastern District of New York indicating that each of the Debtor Defendants had filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey on the same day as Kean's Complaint was filed in New York, arguing that the case should be void *ab initio* and a legal nullity if the complaint was filed after the bankruptcy petitions were filed, or automatically stayed against all defendants. Kean objected to the Individual Defendants' notice in all respects, except for the extent the notice informs the Court of the pending bankruptcies. A copy of the suggestion of Bankruptcy is attached as **Exhibit D** and a copy of Kean's objection thereto is attached as **Exhibit E.**

10. In response, the Eastern dDistrict of NY Court stated that, based on the parties' submissions, it was unclear whether the case was commenced before or after the bankruptcy petitions were filed, but that the automatic stay pursuant to 11 U.S.C. § 362(a),

7372710.1

clearly required the action be stayed against Debtors. See docket text attached as **Exhibit F.**

11. On January 27, 2023, the Trustee filed an Adversary Complaint against several of the parties already sued by Mendham in Delaware and Kean in the Eastern District of New York, alleging among other things, the same breaches of fiduciary duty of care, duty of loyalty, and corporate waste, as those claims belong to the bankruptcy estate.

12. On February 16, 2023, Kean filed a proof of claim in the amount of $2,122,003.00 against Debtors, the same amount sought by way of damages in the Eastern District of New York.

13. To this date, Mendham and Kean have not dismissed their corresponding cases against Debtors and the non-debtor third party Individual Defendants in Delaware nor in the Eastern District New York.

## Requested Relief

14. By this motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 362(a) and 105(a), as well as Federal Rule of Bankruptcy Procedure 4001 to determine that Mendham and Kean willfully violated, and continue to violate the automatic stay, for related relief, attorney's fees, and dismissal of the pending proceedings against Debtors and non-debtor third parties in Delaware and the Eastern District of New York.

## Authority for Requested Relief as to Kean

15. 11 U.S.C. § 362(a) provides, in pertinent part, that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of … (1) the commencement or continuation… of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to

recover a claim against the debtor that arose before the commencement of the case under this title."

16. In the Third Circuit, actions taken in violation of an automatic stay are generally void *ab initio* and thus, **should be dismissed**. *Bartlette v. Kmart Corp.*, 312 Fed. Appx. 441, 442 (3d Cir. 2008) (affirming dismissal of a complaint filed against a debtor for violating the automatic stay of 11 U.S.C. § 362(a)(1), in that the complaint was void when filed) [emphasis added].

17. Here, Debtors' voluntary petitions and Kean's complaint were filed on November 17, 2022. We know that the last petition was filed at 9:58:26 a.m. If the Complaint was filed after 9:58:26 a.m., the filing of that Complaint constituted a violation of the automatic stay pursuant of 11 U.S.C. § 362(a) and is void *ab initio* and a legal nullity.

18. If the complaint was filed prior to 9:06:02 a.m., once Kean was informed of the bankruptcy filings, the continuation of the proceedings is a violation of the automatic stay pursuant of 11 U.S.C. § 362(a).,

19. At a minimum, all pending judicial proceedings must be permanently stayed as to all defendants for the duration of the bankruptcy case, irrespective of timing, because those actions constitute a continuation against the Debtors and the property of the respective bankruptcy estates.

**Authority for Requested Relief as to Mendham and Kean's
Claims against Third Parties**

20. 11 U.S.C. § 362(a) provides, in pertinent part, that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of … (3) any act to obtain possession of

7372710.1

property of the estate or of property from the estate or to exercise control over property of the estate[.]" Indeed, section 362(a)(3) applies to actions against third parties as well as actions against the debtor. *Acands, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006).

21. The stay can be extended if the action against the non-debtor will have an "immediate adverse economic consequence" for the debtor's estate. *See In re Residential Capital*, LLC, 529 Fed. Appx. 69 (2d Cir. 2013). A non-debtor that duplicates a trustee's claims against the same non debtor represents an "immediate economic consequence" to the estate. *In re Madoff*, 848 F. Supp. 2d 469, 478 (S.D.N.Y. 2012), aff'd sub nom. *In re Bernard L. Madoff Inv. Sec. LLC*, 740 F.3d 81 (2d Cir. 2014) (barring a creditor's actions against a third party that duplicated the trustee's fraudulent transfer claims against the same party, ruling that those claims were property of the estate).

22. Here, the claims set forth in the Delaware Proceeding correspond to the same causes of action and same set of facts brought by the Trustee in her Adversary Complaint filed on January 27, 2023. Consequently, the action against the non-Debtor third parties in Delaware clearly has a material effect upon the Trustee's pursuit of estate claims in the Adversary Proceeding because it will hinder the Trustee's ability recover and seek damages from the same parties.

23. Similarly, counts 7 and 11 listed in the Complaint for the Eastern District of New York Proceeding for diversion of funds and fraudulent conveyances are claims that clearly belong to the Trustee under 11 U.S.C. §§ 541 and 544 et seq. Thus, a private creditor cannot pursue such claims.

7372710.1

24. 11 U.S.C. § 105(a). provides that "[T]the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Here, because the causes of action asserted in the Delaware and Eastern District of New York Proceedings are assets of the Debtors' bankruptcy estates and are solely causes of action that the Trustee may pursue, the actions in Delaware and in the Eastern District of New York should be dismissed pursuant to section 105(a). This relief is necessary to enforce and recognize the Trustee's strong arm powers set forth in 11 U.S.C. §§ 541-553, to permit the Trustee to monetize estate assets, to protect the automatic stay, and prevent prejudice to the Trustee's administration of the Debtors' estates.

12. In light of the foregoing, Trustee seeks an Order (1) determining that the Delaware and Eastern District of New York actions' alleged causes of actions against non-debtor third parties are property of the Debtors' bankruptcy estates under 11 U.S.C. §§ 541-553; (2) continuation of the Delaware and Eastern District of New York actions violate the automatic stay pursuant to 11 U.S.C. § 362(a); (3) directing that the Delaware and Eastern District of New York actions be immediately dismissed; and (4) awarding Trustee reasonable attorney fees and costs.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Chapter 7 Trustee, Nancy Isaacson, for Revival Holdings, LLC, Case No. 22-19146, Revival Sash & Doors, LLC, Case No. 22-19151, Bright Windows Specialties, Inc, Case No. 22-19150, and Prelude, LLC d/b/a/ Sequel Case No. 22-19147

Dated: February 27, 2023        By:    /s/Nancy Isaacson
                                       Nancy Isaacson

7372710.1

7372710.1